IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Livingston, #226920, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 2:18-cv-3012-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Donald Beckwith, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court upon James Livingston's ("Petitioner" or "Livingston") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 31, 2018, the Respondent filed a motion for summary judgment. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On May 31, 2019, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this case pursuant to Rule 41 of the Federal Rules of Civil Procedure based on Petitioner's failure to comply with the Court's orders or otherwise prosecute this case. As noted by the Magistrate Judge, Plaintiff's prior lawyer passed away in February, and despite being given warnings and opportunities to either retain new counsel or file his own response to the Respondent's motion for summary judgment, the Court has received nothing from Livingston since April 15, 2019.

Attached to the Magistrate Judge's Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a

copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court adopts the Magistrate Judge's Report (ECF No. 27), and this action is dismissed with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
                                                     The Honorable Bruce Howe Hendricks
                                                     United States District Judge

June 20, 2019
Charleston, South Carolina